IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jon J. Runge,<br><br>    Plaintiff,<br><br>vs.<br><br>Mark Sanford, Governor, The State of South Carolina, Garrison Walters, Executive Director, South Carolina Commission on Higher Education, Tom Barton, President, Greenville Technical College, Janie Reid, Dean of Financial Aid, Greenville Technical College, P. George Benson, President, College of Charleston, and Don Briggs, Director of Financial Aid, College of Charleston,<br><br>    Defendant. | Civil Action No. 6:08-231-GRA-WMC<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the motions to dismiss of defendants Mark Sanford, the Governor of South Carolina, and Garrison Walters, the Executive Director of the South Carolina Commission on Higher Education, and the plaintiff's motion to stay collection. The plaintiff, who is proceeding *pro se*, alleges that student financial aid rules for college violate his constitutional rights.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

    On October 13, 2008, defendant Governor Sanford filed a motion to dismiss (doc. 102). By order filed on October 14, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure

and the possible consequences if he failed to adequately respond to the motion. On October 22, 2008, defendant Director Walters filed a motion to dismiss (doc. 126), and another *Roseboro* order was filed on October 23, 2008. The plaintiff filed his opposition to both motions on November 17, 2008.

## **FACTS PRESENTED**

The plaintiff alleges that he is the parent of three adult children who are or have been enrolled in college in South Carolina. He alleges that two of them lost State LIFE scholarships and that a third child has not received one. Essentially, the plaintiff complains about two alleged matters: 1) requirements for a minimum 3.00 grade point average for college assistance because he considers such an average arbitrary when students with 2.99 averages are not qualified to receive such assistance; and 2) classification of adult students less than 24 years old as dependent for purposes of consideration for college financial assistance and thereby taking into account the financial ability of parents to pay for the costs of the students' education.

## **APPLICABLE LAW AND ANALYSIS**

Both defendants Governor Sanford and Director Walters have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

The defendants argue that the complaint contains no allegations that they have any authority or duties to the matters alleged in this suit. This court agrees. The amended complaint does not mention Governor Sanford or Director Walters other than in the caption. Moreover, neither the Governor nor the Director have any authority or duties as to the matters alleged in the complaint. Grade point average requirements for LIFE scholarships are set by statute. S.C. Code Ann. § 59-149-50 (Supp. 2008). The plaintiff has identified no statute or regulation giving the Governor or the Director duties or authority regarding consideration of the financial ability of parents to contribute to the cost of the college education of their children. The LIFE scholarship regulations and statutes contain no requirements for parental contributions to financial aid. Moreover, the plaintiff complains about federal financial aid requirements over which the Governor and Director would have no authority. Lastly, the plaintiff has made claims on behalf of his adult children, including his challenge to the grade point average requirements for scholarships (amended comp. 6-17), his claim that an adult child should be awarded financial assistance without regard to parental cooperation with the financial aid process (amended comp. 17-25), and his claim regarding allegedly unconstitutional burdens on college student voting rights (amended comp. 38-56). As argued by the Director and the Governor, the plaintiff lacks standing to assert these claims on behalf of his adult children. *See Schuppin v. Unification Church*, 435 F.Supp. 603, 605 (D.C. Vt. 1977) (parents do not have standing to bring suit on behalf of adult child absent a showing that the child is incompetent). Accordingly, those claims should be dismissed. Based upon the foregoing, this court recommends that the motions to dismiss of the Director and the Governor be granted.

On January 16, 2009, the plaintiff filed a "motion to stay collection of contested amount due." In that motion, the plaintiff asks for an order staying the South Carolina Department of Revenue from collecting $2018.21 from his daughter for the daughter's unpaid tuition at Greenville Technical College (pl. m. to stay, ex. A). As argued

by the defendants, they have no authority to provide relief as to the subject of this motion and, furthermore, the plaintiff does not have standing to make this motion because the Notice at issue is directed to his daughter, who is an adult according to the plaintiff's pleadings. This court agrees, and this motion is denied.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing,

IT IS RECOMMENDED that Governor Sanford's and Director Walters' motions to dismiss (docs. 102, 126) be granted. Furthermore,

IT IS ORDERED that the plaintiff's motion to stay collection (doc. 156) is denied.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

February 25, 2009

Greenville, South Carolina

4