UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jon J. Runge, | ) | Civil Action No.: 6:08-0231-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Mark Sanford, Governor, The State of | ) | |
| South Carolina, Garrison Walters, | ) | |
| Executive Director, South Carolina | ) | |
| Commission on Higher Education, | ) | |
| Tom Barton, President, Greenville | ) | |
| Technical College, Janie Reid, Dean | ) | |
| of Financial Aid, Greenville Technical | ) | |
| College, P. George Benson, President, | ) | |
| College of Charleston, and Don Briggs, | ) | |
| Director of Financial Aid, College of | ) | |
| Charleston | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C. filed February 25, 2009. The magistrate, in conjunction with his Report and Recommendation, filed an Order for Plaintiff's motion to stay collection. Plaintiff filed the *pro se* action on January 1, 2008. The magistrate recommends granting motions to dismiss of defendants Mark Sanford, Governor of South Carolina, and Garrison Walters, Executive Director of the South Carolina Commission on Higher Education. In addition, the magistrate denies Plaintiff's motion to stay collection. Plaintiff filed a request for additional time to file objections on February 16, 2009. He

filed his objections to the magistrate's Report and Recommendation on February 20, 2009, and to the magistrate's Order on February 24, 2009. For the reasons stated herein, the Court adopts the Report and Recommendation in whole and dismisses the objections to the Order.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court regarding dispositive motions. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). For nondispositive matters, the magistrate. when appropriate, must issue a written order stating the decision. FED. R. CIV. P. 72(a). After considering timely objections, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## Discussion

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Order or Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff offers voluminous objections and references specific portions of the Order and Report and Recommendation. However, most of Plaintiff's Objections merely reargue and restate the issues that were set forth in his Complaint. Plaintiff offers no legal support for his claims and fails to direct the Court to a specific error. The issues and purported objections were correctly addressed by the magistrate and this Court will not address those issues a second time. To the extent Plaintiff raises

cognizable and specific objections to the magistrate's Order and Report and Recommendation, those objections are addressed below.

The only specific objection the Court is able to identify is that the magistrate erred in concluding that Plaintiff lacked standing in both the Order and Report and Recommendation. Plaintiff asserts that the case cited by the magistrate, *Schuppin v. Unification Church*, 435 F.Supp. 603 (D.C. Vt. 1977), is distinguishable from his particular case. The magistrate cited *Schuppin* for the point of law that parents do not have standing to bring suit on behalf of their adult child absent a showing that the child is incompetent. Regarding *Schuppin*, Plaintiff only succeeds in comparing the facts with his particular case without claiming how the change in facts would make the law from *Schuppin* inapplicable.

In addition, Plaintiff asserts that he is bringing this case on behalf of himself, not his children. Assuming *arguendo* that Plaintiff could show that he brings this case on his own behalf, Plaintiff's claims still fail for lack of standing. For Plaintiff to have standing, he must suffer "some threatened or actual injury resulting from the putatively illegal action." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973); *see also Warth v. Seldin*, 422 U.S. 490, 508 (1975). Plaintiff has not shown any concrete and particularized injury in this case. Therefore, because Plaintiff does not meet the requirements for standing, this objection is groundless.

## Conclusion

After a thorough review of the magistrate's Order and Report and

Recommendation and the objections thereto, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety and dismisses the objections as to the magistrate's Order.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss be GRANTED.

IT IS SO ORDERED.

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
August  21 , 2009


**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**