UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jon J. Runge, | ) Civil Action No.: 6:08-0231-GRA |
| | ) |
| Plaintiff, | ) **ORDER** |
| | ) (Written Opinion) |
| v. | ) |
| | ) |
| Tom Barton, President, Greenville Technical College, Janie Reid, Dean of Financial Aid, Greenville Technical College, P. George Benson, President, College of Charleston, and Don Briggs, Director of Financial Aid, College of Charleston | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court for a review of Magistrate Judge Catoe's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C. filed August 28, 2009. Plaintiff filed the *pro se* action on January 1, 2008. The magistrate recommends granting Defendants' motions for summary judgment, thereby dismissing the action. He filed his objections to the magistrate's Report and Recommendation on September 17, 2009. For the reasons stated herein, the Court adopts the Report and Recommendation in whole.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

The magistrate makes only a recommendation to this Court regarding dispositive motions. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). For nondispositive matters, the magistrate, when appropriate, must issue a written order stating the decision. Fed. R. Civ. P. 72(a). After considering timely objections, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## Discussion

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Order or Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similar to Plaintiff's objections filed in response to an earlier Report and Recommendation, his objections here are numerous with the majority of them being incomprehensible and merely rambling sentences with no support in the law. This Court could ascertain only one legitimate objection that had an iota of relevance, so in an abundance of caution, this Court will address it below.

Plaintiff objects to the magistrate's finding that he failed to allege any

constitutional violation and lists multiple violations of his constitutional rights in the form of freedom of association, freedom of religion, and fundamental due process concerns. None of Plaintiff's alleged injuries can be found under any of the stated rights (or any rights for that matter), no matter how broad this Court chooses to view these rights.

Plaintiff begins his diatribe by arguing that he has a right to freedom of intimate association with his adult children under the First Amendment, using <u>Roberts v. United States Jaycees</u>, 468 U.S. 609 (1984), as support. In the next paragraph, Plaintiff goes on to argue that he also has the right to the freedom of intimate non-association with his adult children. As a starting point, Plaintiff cannot have it both ways. Regardless, neither argument holds water when put against the constitutional framework set forth under this right.

While <u>Roberts</u> does recognize the freedom of intimate association, the right does not extend to the lengths requested by Plaintiff. To do so would twist the right beyond its intended target and open the floodgates for future lawsuits. While this right does have as its corollary the right to not associate, see <u>Cal. Democratic Party v. Jones</u>, 530 U.S. 567, 574 (2000), it cannot be applied in the circumstances Plaintiff seeks. A university requesting a tuition payment is not the type of activity that allows a party to use their right to not associate as a segue to refusing to pay.

Plaintiff's second argument, again rambling on for quite some time, boils down to the argument that Plaintiff's right to freedom of religion is being violated by being

"forced to participate in a financial aid application that supports a secular government education program that is religiously repugnant to Plaintiff." (Pl.'s Obj. at 15-16.) It is unclear whether this argument falls under the Free Exercise Clause or Establishment Clause. It matters little because under either clause, the argument fails. There is absolutely no indication that the freedom of religion is even implicated by the facts. The financial aid application and the federal or state laws concerning financial aid do not interfere with Plaintiff's right to practice religion or to share those beliefs with his family. There is also no showing that these laws promote one religion over another.

Plaintiff's third argument involves fundamental due process concerns. As well as this Court can determine, Plaintiff argues that he has a right to rear and educate his adult children (but no right to control them). This is, at best, a ludicrous statement. No court has ever held that a parent has the *due process right* to educate and rear his children after they reach majority age. As there is no right present, then there is no injury suffered by Plaintiff.

As shown above, none of Plaintiff's arguments hold any weight and his so-called objections lack merit.

## **Conclusion**

After a thorough review of the magistrate's Report and Recommendation and the objections thereto, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motions for Summary Judgment is GRANTED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
October   2  , 2009

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**